

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 21, 1995

Honorable Warren Chisum
Chair
Committee on Environmental Regulation
Texas of House of Representatives
P.O. Box 2061
Pampa, Texas 79066-2061

Opinion No. DM-335

Re: Whether an entity that contracts with an independent school district to provide educational services to the district under section 23.34 of the Education Code must comply with various statutory requirements imposed on school districts (RQ-722)

Dear Representative Chisum:

You ask whether an entity that contracts with an independent school district to provide educational services to the district under section 23.34 of the Education Code must comply with various statutory requirements imposed on school districts. You ask about the following sections of the Education Code:

> • Section 16.052, requiring that, in order to receive financial support from the foundation school fund, a "school district must provide for not less than 180 days of instruction for students and not less than three days of preparation for teachers for each school year" and "must provide for not less than 20 hours of staff development training," except when the commissioner of education approves otherwise";

> • Section 16.054(b), requiring that, in order to receive financial support from the foundation school fund, a "school district may not enroll more than 22 students in a kindergarten, first, second, third, or fourth grade class";

> • Section 13.909, requiring that "each teacher actively engaged in the instruction and supervision of students in public schools is entitled to at least a 30-minute lunch period free from all duties and responsibilities connected with the instruction and supervision of students";

> • Section 21.920(b), requiring that "[a] student enrolled in a school district in this state shall be suspended from participation in any extracurricular activity sponsored or sanctioned by the school district during the grade reporting period after a grade reporting period in

which the student received a grade lower than the equivalent of 70 on a scale of 100 in any academic class";

• Section 35.043(a), requiring that "[e]ach school year, the Central Education Agency shall prepare and distribute to each school district a report card for each campus";

• Section 35.023(a), requiring that "nonexempt pupils in grades three through eight" shall be assessed annually in mathematics and reading and periodically in other subjects; and

• Section 21.793(a), requiring that "[a] school district with 500 or more students enrolled in elementary school grades shall employ a counselor."[1]

Section 23.34 of the Education Code provides as follows: "The board of trustees of an independent school district may contract with a public or private entity for that entity to provide educational services for the district." It was enacted by the legislature in 1993 as part of Senate Bill 7, a lengthy education reform measure. *See* Act of May 28, 1993, 73d Leg., ch. 347, § 4.02, 1993 Tex. Sess. Law Serv. 1481, 1524. It was added to Senate Bill 7 as a floor amendment on second reading of the bill in the house.[2]

Obviously, the foregoing statutory provisions apply to school districts, not to other entities. This is not dispositive of your inquiry, however. Section 23.34 does not relieve school districts that contract with other entities to provide educational services from complying with any of the foregoing requirements. Thus, for example, a school district that receives foundation school funds and contracts with another entity to provide educational services must still ensure that students enrolled in the school district receive not less than 180 days of instruction and that class sizes are limited, in compliance with sections 16.052 and 16.054(b). In other words, school districts must ensure compliance

---

[1]You also ask about sections 13.101 through 13.117 of the Education Code, which authorize school districts to offer teachers probationary or continuing contracts. We note that section 23.28 of the Education Code authorizes school districts to offer teachers term contracts. Given that sections 13.101 through 13.117 are not mandatory in the same sense as the other sections which you have asked us about, we are not sure why you have included these provisions in your query and do not address them. We do note, however, that we are aware of no provision providing school districts an exemption from state statutes regarding educational employee rights and benefits. *See* Educ. Code § 11.273(e), (h); *see also infra* p. 3. Section 13.914 of the Education Code authorizes a school district to enter into an agreement with a business to accept an employee of the business for special employment as a classroom teacher subject to certain conditions, but does not in any way affect the contractual relationship between school districts and their teachers.

[2]We are not aware of any specific testimony or bill analyses which would shed light on the legislative intent with respect to section 23.34.

with statutory requirements when contracting with other entities under section 23.34. We believe this is the case for the following reasons.

All of the foregoing statutes expressly apply to *school districts.* Section 23.34 does not abolish school districts. Thus, a school district will continue to exist even if it contracts with another entity to provide educational services. Furthermore, students receiving those services will continue to be students enrolled in the school district. The language of section 23.34 in no way suggests that a school district that contracts with another entity to provide educational services need not ensure that those services comply with all statutory mandates applicable to school districts, or that the students who receive such services are not to receive the benefit of those mandates.

The legislative history of section 23.34 supports this conclusion. In enacting Senate Bill 7, which included section 23.34, the legislature also amended section 11.273 of the Education Code. That provision authorizes a school district to apply to the commissioner of education for a waiver of a requirement or prohibition imposed by law "that the campus or district determines inhibits student achievement." Such a waiver must be of limited duration. Educ. Code § 11.273(c), (d). With certain exceptions, waivers will not be granted for laws relating to curriculum essential elements, restrictions on extra-curricular activities, health and safety, competitive bidding, elementary school class size limits, minimum graduation requirements, removal of a disruptive student from the class-room, suspension or expulsion of a student, at risk programs, prekindergarten programs, and special and bilingual education programs. Educ. Code § 11.273(e)(1) - (10), (12), (h). In no case may an exception be made for a state law relating to "educational employee and educational support employee rights and benefits." Educ. Code § 11.273(e)(11), (h); *see also supra* note 1.

In enacting Senate Bill 7, the legislature also amended section 11.27 of the Education Code, which permits school districts to obtain waivers for innovative programs, and enacted section 35.102 of the Education Code, which provides that a school district "that is rated as exemplary is exempt from requirements and prohibitions imposed under this code." Section 35.102 contains a list of certain requirements that may not be waived that is similar to the list in section 11.273. *Compare* Educ. Code § 11.273(e) *with id.* § 35.102(b).

The legislature amended sections 11.27 and 11.273 and enacted section 35.102 in the same legislation in which it enacted section 23.34. Sections 11.27, 11.273, and 35.102 appear intended to be the exclusive means by which school districts may obtain exemptions from statutory requirements, except as specifically noted. We believe that if the legislature had intended for section 23.34 to provide a mechanism for school districts to bypass compliance with statutory requirements by contracting with other entities, it would have done so expressly in Senate Bill 7 to make it clear that sections 11.27, 11.273, and 35.102 are not the exclusive means by which school districts can avoid statutory requirements.

Finally, we note that at least one brief submitted to this office argues that it would defeat the purpose of section 23.34 for us to conclude that school districts must ensure compliance with the statutory requirements when contracting with other entities. In this regard, we note that a school district that contracts with an entity to provide educational services may apply for a waiver under section 11.27, section 11.273, or section 35.102, just like any other school district.

## S U M M A R Y

Section 23.34 of the Education Code, which permits school districts to contract with public or private entities to provide educational services, does not relieve school districts that enter into such contracts from complying with statutory requirements applicable to school districts. School districts must ensure compliance with statutory requirements when contracting with other entities under section 23.34.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General